FILED
SUPERIOR COURT
OF GUAM

2023 OCT 11 PM 3: 01

CLERK OF COURT

BY:____

## IN THE SUPERIOR COURT OF GUAM

| | |
|---|---|
| GOODWIND DEVELOPMENT CORPORATION, | CIVIL CASE NO. <u>CV0028-23</u> |
| Plaintiff, | **DECISION AND ORDER GRANTING RULE 12(B)(6) MOTION TO DISMISS COUNTERCLAIMS AND GRANTING RULE 12(F) MOTION TO STRIKE** |
| vs. | |
| WEST BAY CORPOARTION and 21st CENTURY CORPORATION, | |
| Defendants. | |
| WEST BAY CORPOARTION and 21st CENTURY CORPORATION, | |
| Counterclaimants, | |
| vs. | |
| GOODWIND DEVELOPMENT CORPORATION, | |
| Counterclaim Defendants. | |

### INTRODUCTION

This matter came before the Honorable John C. Terlaje on July 17th, 2023, for a Motion Hearing on Goodwin Development Corporation's ("Counterclaim Defendant's") Motion to Dismiss. Louie J. Yanza appeared for West Bay Corporation and 21st Century Corporation ("Counterclaimants"). Anita P. Arriolla appeared for the Goodwind Development Corporation. Based on the relevant law and authorities the Court now issues the following decision and order

**GRANTING** Counterclaim Defendant's Motion to Dismiss and **GRANTING** Counterclaim Defendant's Motion to Strike.

## I.   FACTUAL AND PROCEDURAL BACKGROUND

Goodwind Development Corporation ("GDC") initially filed their Verified Complaint on January, 2023, alleging two separate breaches of two separate promissory notes by West Bay Corporation ("West Bay") and 21st Century Corporation ("Century") respectively. West Bay and Century then filed an Answer and Counterclaim to GDC's complaint on March 7th, 2023, alleging several counterclaims for relief including fraud and misrepresentation. In response, GDC filed a Motion to Dismiss Counterclaims and an Alternative Motion to Strike on April 17, 2023.

The relevant facts regarding the Motion to Dismiss are as follows:

1. The two promissory notes were prepared and signed "in or around May 2011." Compl. ¶ 5, 10 (Jan. 19, 2023).

2. "Pursuant to the Parties' agreement, they were to invest in a San Francisco garage ("Garage")." Defs' Ccls. ¶ 12-13 (March 6th, 2023).

3. West Bay, whose sole shareholder is Rowena Tan Chua, was the nominee shareholder on behalf of GDC. GDC invested $750,000.00 in SF Oakland Bay, LLC ("SFOB"), the owner of the Garage, so that West Bay owned 75% of the shares in SFOB. The promissory note was executed by West Bay to reflect that West Bay was majority owner of SFOB for tax purposes." *Id.*

4. Century did in fact borrow $120,000.00 and executed its respective promissory note in favor of GDC. *Id.* ¶ 17-19. Counterclaim Defendants allege that the note has not been paid since November 2011. *Id.* Nevertheless, Counterclaimants allege that CDG demanded the

Century note be paid within a year and that "Century paid off the note by November 30, 2011, through some form of payroll deduction of [Joseph Chua, Rowena's husband's] salary," and that Century is no longer indebted to GDC. *Id.* ¶ 19.

5. The West Bay note has not been paid since executing the promissory note. Defs' Ccls. (March 6th, 2023).

6. "After eleven (11) years and eight (8) months, GDC has now filed suit to recover on the two promissory notes." *Id.* GDC did not any other demands for repayment of the promissory notes during the above time period. *Id.* ¶ 19.

## II.    LAW AND DISCUSSION

"A Rule 12(b)(6) motion tests the sufficiency of a claim." *Navarro v. Block*, 250 F.3d 729, 732 (9th Cir. 2001). When reviewing a Rule 12(b)(6) motion, the Court must "construe the pleading in the light most favorable to the non-moving party, and resolve all doubts in the non-moving party's favor." *First Hawaiian Bank v. Manley*, 2007 Guam 2 ¶ 9 (citation omitted). Dismissal is appropriate only when the non-moving party "can prove no set of facts in support of his claim which would entitle him to relief." *Taitano v. Calve Fin. Corp.*, 2008 Guam 12 ¶ 9 (quoting *Vasquez v. Los Angeles City.*, 487 F.3d 1246, 1249 (9th Cir. 2007)). However, "[f]raud claims are special matters that are subject to a heightened pleading standard." *Ukau v. Wang*, 2016 Guam 26 ¶ 35. Although a plaintiff is not required "to prove a claim of fraud at the pleading stage," they must set forth the "claim with sufficient detail to provide notice to defendants as to what particular fraudulent action is being alleged." *Id.* ¶ 47. On the issue of fraud, there are five elements: (1) a misrepresentation; (2) knowledge of falsity (or scienter); (3) intent to induce defraud or induce reliance; (4) justifiable reliance; and (5) resulting damages. *Trans Pac. Exp. Co. v. Oka Towers Corp.*, 2000 Guam 3 ¶ 23.

### A. The Counterclaimants Fail to Properly Plead Their 'Fraud-Related' Claims (Counterclaims 1, 2, 4, and 6)

Counterclaimants plead several claims related to fraud: "Fraud in the Inducement" (Counterclaim 1), "Intentional Misrepresentation" (Counterclaim 2), "Constructive Fraud" (Counterclaim 4), and "Rescission Based Upon Fraudulent Inducement" (Counterclaim 6). To state a cause of action for fraud in the inducement, a plaintiff must allege (1) a misrepresentation or false statement concerning a material fact, (2) knowledge by the person making the statement that the representation is false, (3) intent by the person making the statement that the representation induce another to act on it, and (4) reliance on the representation to the injury of the other party. *Susan Fixel, Inc. v. Rosenthal & Rosenthal, Inc.* 842 So. 2d 204 (Fla. 3d DCA 2003). The elements of intentional misrepresentation are the same as fraud. *See Hemlani v. Flahtery*, 2003 Guam 17. The elements of a cause of action for constructive fraud are (1) a fiduciary relationship; (2) non-disclosure; (3) intent to deceive; and (4) reliance and resulting injury. *Gayle v. Hemlani* 2000 Guam 25. Finally, the elements of recission based upon fraudulent inducement are the same as fraud in the inducement. *See Hemlani v. Flahtery*, 2003 Guam 17. All four of the above mentioned "fraud-related" claims require similar showings. "In all averments of fraud, the circumstances constituting fraud shall be stated with particularity. Malice, intent, knowledge, or other conditions of mind of a person may be averred generally." GRCP 9(b). Even under this somewhat inferential standard, however, the alleged fraud intended in this case is very confusing on its face.

Although a plaintiff is not required "to prove a claim of fraud at the pleading stage," they must set forth the "claim with sufficient detail to provide notice to defendants as to what particular fraudulent action is being alleged." *Ukau*, 2016 Guam ¶ 47. Here, the Counterclaimants seem to allege that the Counterclaim Defendant, GDC, knowingly and fraudulently induced the

Counterclaimants into signing promissory notes under false pretenses in 2011 with the hopes of executing a puzzling "long con" that would lead to GDC simply getting their money back eleven years later. Defs' Ccls. (March 6th, 2023). The Counterclaimants then articulate a completely contradictory conspiracy in the very same pleading, that all of this was orchestrated by a different person, who has only come to power at GDC recently, and intends not fraud, but some sort of petty revenge.[1] How it can be possible that one person at GDC intended fraud in 2011, when the promissory notes were executed, but another person is only demanding repayment of the notes now in 2022, intending revenge, (and this is all part of one intentional "fraudulent" scheme) is unclear. This is fatal to the pleading as "a plaintiff must, at a minimum, identify the role of each defendant in the alleged fraudulent scheme." *See Swartz v. KPMG LLP*, 476 F.3d 756, 765 (9th Cir. 2007) (quoting *Moore*, 885 F.3d at 541).

Finally, Counterclaimant argues, yet again in the same pleading, that actually the promissory notes were not signed under false pretenses after all. In fact, Counterclaim Defendant made a proper demand on one of the promissory notes in 2011, payment was made by Counterclaimant, and now Counterclaim Defendant wants to "double dip" and get paid again. Defs' Ccls. ¶ 17-19 (March 6th, 2023). Is this a part of the fraud claims? How many Promissory Notes were allegedly fraudulent? The pleading "must be specific enough to give defendants notice of the "who, what, when, where, and how of the misconduct charged." *Taitano v. Calvo Finance Corp*, 2008 Guam 12, quoting *Vess,* 317 F.3d at 1106. Unfortunately, by the time one finishes processing the prolific and contradictory claims, one is left deeply confused. Given the whirlwind of contradictions in these pleadings it is unlikely that the counterclaim defendants can actually

---

[1] The Court plans to strike the two names of the parties from the record, but the story told by the Defendant completely contradicts and precludes the fraud claims. Defs' Ccls. ¶ 9-12 (March 6th, 2023).

understand what particular fraudulent action is actually being alleged. *Ukau*, 2016 Guam ¶ 47. As a consequence, the motion to dismiss Counterclaims 1, 2, 4, and 6 should be granted.

### B. The Parole Evidence Rule Bars Counterclaimants' Negligent Misrepresentation Claim (Counterclaim 3) and Breach of Contract Claim (Counterclaim 7)

A written contract "supersedes all the negotiations or stipulations concerning it's matter which preceded or accompanied the execution of the instrument." 18 G.C.A. § 86107 (1992), *Leong v. Deng*, 2002 Guam 2 ¶ 17. In interpreting such a contract, "the intention of the parties is to be ascertained from the writing alone, if possible ...." 18 G.C.A. § 87105. For the parol evidence rule to apply it must first be established that there is a written agreement which was intended to be the final and complete embodiment of the parties' agreement. *Craftworld Interiors, Inc. v. King Enters., Inc.*, 2000 Guam 17. In general, the court must determine: (1) whether the parties intended the writing to be the final and complete embodiment of their agreement, and (2) whether the parol evidence contradicts the terms of the writing, for then it is inadmissible to do so, parol evidence is only admissible to supplement or explain omissions or ambiguities. *Craftworld*, 2000 Guam 17, citing *Enrico Farms, Inc. v. HJ Heinz Co.*, 629 F.2d 1304, 1306 (9th Cir. 1980).

The two Promissory Notes are clear and unambiguous, as each provides that, "none of its terms or provisions may be waived, altered, modified, or amended except as the Lender may consent thereto in writing." Plf's Mot. To Dismiss Ccls; Alt. Mot. To Strike ¶ 10 (April 16, 2023). West Bay and Century argue persuasively that 6 GCA § 2511 establishes a broad exception to the parol evidence rule regarding fraud and that, "evidence to prove that the instrument is void or voidable for... fraud... is admissible." Def's Opp. to Plf's Mot. To Dismiss; Alt. Mot. To Strike ¶ 10 (May 14, 2023) *citing Riversisland*. Negligent misrepresentation (Counterclaim 3), however,

requires (1) a misrepresentation of a past or existing material fact; (2) without reasonable grounds for believing it to be true; (3) with intent to induce another's reliance on the fact misrepresented; (4) ignorance of the truth and justifiable reliance thereon by the party to whom the misrepresentation was directed, and (5) damages." *Hamlani v. Flaherty*, 2003 Guam 17 quoting *Pollack*, 226 Cal. Reptr. 532, 537 (Ct. App. 1986). To be liable for negligent misrepresentation, the defendant need act only negligently and not dishonestly or in bad faith. *See Floranzano v. Olson*, 387 N. W.2d 168, 173 (Minn. 1986). Consequently, the parole evidence rule exception for fraud does not apply here.

Further, Breach of Contract (Counterclaim 7) requires a plaintiff to prove (1) the existence of the contract, (2) the plaintiff's performance or excuse for nonperformance, (3) the defendant's breach, and (4) resulting damages to the plaintiff. *Hemlani v. Hemlani*, 2015 Guam 16. The Counterclaimants failed to state this basic rule governing Breach of Contract in their counterclaim; if Counterclaimants had taken the time to do so, they might have noticed that none of the elements contain anything about fraud. For this reason, the fraud exception does not apply, and the parol evidence rule forbids the court from referencing extrinsic evidence to interpret, vary, or add to the terms of an unambiguous written agreement. *See Wasson v. Berg*, 2007 Guam 16 ¶ 11. Consequently, the court grants the motion to dismiss the breach of contract counterclaim and grants the motion to dismiss the negligent misrepresentation counterclaim.

## C. Counterclaimants Improperly Claim a Breach of The Implied Covenant of Good Faith and Fair Dealing for A Contract That Does Not Exist (Counterclaim 5)

The "covenant of good faith and fair dealing, implied by law in every contract, exists merely to prevent one contracting party form unfairly frustrating the other party's right to receive

the benefits of the agreement actually made." *Waller v. Truck Ins. Exchange, Inc.* (1995) 11 Cal. 4th 1, 35, 44 Cal. Rptr, 2d 370, 900 P.2d 619. A "covenant of good faith and fair dealing… cannot impose substantive duties or limits on the contracting parties beyond those incorporated in the specific terms of their agreement. *Quijano v. Atkins-Kroll, Inc.*, 2008 Guam 14 ¶ 2 n.2, quoting *Guz v. Bechtel Nat'l Inc.*, 8 P. 3d 1089, 1110 (Cal. 2000).

Counterclaim Defendants argue that a breach of the implied covenant of good faith and fair dealing, for the reasons above, "depends on a threshold finding that a contract existed between the parties." Plf's Mot. To Dismiss Ccls; Alt. Mot. To Strike ¶ 8 (April 16, 2023). Further, Counterclaim Defendants believe that Counterclaimants, "cannot establish that there was a contract in which Goodwind agreed not be repaid on the Promissory Notes and accordingly [Counterclaim 5] must be dismissed." *Id.* The reason that such a contract cannot be established, according to Counterclaim Defendants, is that establishment would require the use of parol evidence. *Id.* As discussed in Part C, the parol evidence rule forbids the court from referencing extrinsic evidence to interpret, vary, or add to the terms of an unambiguous written agreement. *See Wasson v. Berg*, 2007 Guam 16 ¶ 11.

Again, Counterclaimants attempt to utilize a broad exception to the parol evidence rule regarding fraud, particularly that, "evidence to prove that the instrument is void or voidable for… fraud… is admissible." Def's Opp. to Plf's Mot. To Dismiss; Alt. Mot. To Strike ¶ 10 (May 14, 2023) *citing Riversisland*. In this case, however, the Counterclaimants are not attempting to demonstrate that a written contract (the Promissory Notes) was fraudulently conceived. Instead, Counterclaimants assert that Counterclaim Defendants breached a covenant implied by a completely different contract, in which both parties agreed that the Promissory Notes need not be repaid. Defs' Ccls. (March 6th, 2023). Presumably, this was an oral contract. Unfortunately, the

parol evidence rule bars evidence of a contract that contradicts the terms of the contract at issue. *Craftworld*, 2000 Guam 17, citing *Enrico Farms, Inc. v. HJ Heinz Co.*, 629 F.2d 1304, 1306 (9th Cir. 1980). As yet another consequence of the parol evidence rule, the court grants the motion to dismiss the breach of implied covenant of good faith and fair dealing counterclaim.

### D. Counterclaimants Fail to State a Claim for Abuse of Process (Counterclaim 9)

"The common law tort of abuse of process arises when one uses the court's process for a purpose other than that for which the process was designed." *Rusheen v.* Cohen, 37 Cal. 4th 1048, 1056-57 (2006) (citing 5 Witkin, Summary of Cal. Law (9th ed. 1988) Torts, § 459, p. 547). "To succeed in an action for abuse of process, a litigant must establish a willful act in the use of the process not proper in the regular conduct of the proceedings." *Id.* Further, "the mere filing or maintenance of a lawsuit – even for an improper purpose – is not a proper basis for an abuse of process action." *Oren Royal Oaks Venture v. Greenberg, Bernhard, Weiss & Karma, Inc.*, 42 Cal. 3d 1157, 1169 (1986).

In the motion currently before the Court, the Counterclaimants' abuse of process claim depends entirely on the mere filing of a lawsuit. Defs' Ccls. ¶ 36-37 (March 6th, 2023). Specifically, the initial suit filed by the Counterclaim Defendants over the Promissory Notes. *Id.* Generally, courts do not find abuse of process under these circumstances. *See Oren Royal Oaks Venture v. Greenberg, Bernhard, Weiss & Karma, Inc.*, 42 Cal. 3d 1157, 1169 (1986). Counterclaimant draws the Court's attention to a single Federal Court of Appeals case, where the mere maintenance of an action against a corporate president to tender a promissory note, after the president tendered said note, did constitute abuse of process..." *Guirl v. Guirl*, 708 S.W. 2d 239 (Mo. Ct. App. 1986). The plaintiff in *Guirl*, however, "admitted that the purpose in filing and maintaining the petition was not the recovery of the balance due on the stock purchase notes, but to use the trust and the

Collateral Security Agreement to divest [the Defendant] from controlling interest in GAT." *Id.* at 246. In this case, Counterclaimant asserts without evidence that GCG brough their Complaint for an ulterior and improper purpose other than resolving a legal dispute. Defs' Ccls. ¶ 37 (March 6th, 2023). Given that no admission to an improper purpose has taken place, the court sides with the general rule that merely suing someone is not abusive and grants the motion to dismiss the abuse of process counterclaim.

### E. The Statute of Limitations Bars Counterclaimant's Unjust Enrichment Claim (Counterclaim 8)

The elements for a claim of unjust enrichment are "receipt of a benefit and unjust retention of the benefit at the expense of another. The theory of unjust enrichment requires one who acquires a benefit which may not justly be retained to return either the thing or its equivalent to the aggrieved party so as to not be unjustly enriched." *Lyles v. Sangadeo-Patel.* 171 Cal. Rprt. 3d 34, 40-41 (Cal. App. 2014). In this case, Counterclaimants allege GDC has been unjustly enriched, "by having ownership of West Bay and SFOB without paying for its share of the SFOB loan and other expenses, at the expense of West Bay and Century." Defs' Ccls. ¶ 35 (March 6th, 2023). The statute of limitations will begin to run "when the plaintiff suspects or should suspect that his injury was caused by wrongdoing or that someone has done something wrong to him." *Gayle v. Hemlani*, 2000 Guam 25 ¶ 24. The statute of limitations for unjust enrichment is three years. 7 G.C.A. § 11305(h). Counterclaimants had over ten years to notice that GDC was not paying their debts. As a consequence, the court grants the motion to dismiss the unjust enrichment counterclaim.

### F. Counterclaimants' Motion to Amend is Denied

This Court will, "deny a request to amend only when an apparent reason for denying the amendment exists." *M Electric Corp. v. Phil-Gets (Guam) Int'l Trad. Corp.*, 2016 Guam 35, 42.

In the absence of, "undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment... the leave sought should, as the rules require, be freely given." *Id.* quoting *Foman*, 371 U.S. at 182. In the case before us, the Counterclaimant proposes amended counterclaims that appear almost identical to the counterclaims analyzed here in this motion. Def's Opp. to Plf's Mot. To Dismiss; Alt. Mot. To Strike (May 14, 2023). Further, the Counterclaimants' own admissions in their pleadings bar their counterclaims, along with the statutory and parol evidence issues. *See Lujan*, 2018 Guam 27 ¶ 13 (a motion to amend is futile when the complaint as amended would be subject to dismissal). As a consequence of this futility, the Court denies the motion to amend.

## G. The Court Moves to Strike Unnecessary Family Drama

Under Guam Rule of Civil Procedure Rule 12(1), the Court may strike any "redundant, immaterial, impertinent, or scandalous" matter. An allegation is immaterial if it has no value in developing the issues of the case. *Oaks v. City of Fairhope, Alabama*, 515 F.Supp. 1004, 1032 (S.D. Ala. 1981) (citing ZA, Moore's Federal Practice P 12.21(1) at 2420 (2d ed. 1979)). Counterclaim Defendant argues that immaterial and scandalous matters are present in paragraphs 6, 8, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, and 53. Plf's Mot. To Dismiss Ccls; Alt. Mot. To Strike (April 16, 2023). Most of what is alleged takes place long after the formation of the two Notes at issue here. While some of the information potentially sheds light on GDC's present motivation, none of this is relevant to the intent behind the signing of the Notes eleven years ago or the validity thereof. Furthermore, the allegations contain senseless scandal about public figures. As a consequence, the court moves to strike paragraphs 6, 8, 12, 13, 14, 15, 16, 17, 18, 19, 20, 21, 22, and 53 from the record.

## III.    CONCLUSION AND ORDER

Based on the foregoing, the Court GRANTS the Motion to Dismiss Counterclaims 1-9,

GRANTS the Motion to Strike, and DENIES the Motion to Amend.

**SO ORDERED** 5 October 2023.

**HON. JOHN C. TERLAJE**
Judge, Superior Court of Guam

SERVICE VIA E-MAIL
I acknowledge that an electronic
copy of the original was e-mailed to:

Date: 10|11|23  Time: 3:14 pm

Deputy Clerk, Superior Court of Guam

Appearing Attorneys:
Anita P. Arriola, Esq., Arriola Law Firm, for Counterclaim Defendants Goodwind Development
     Corp.
Louie J. Yanza, Esq., Law Office of Louie J. Yanza, for Counterclaimants West Bay Corporation
     and 21st Century Corporation